**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: CARLOS E. RIVERA, JR., | : | Case No. 19-41632-aih |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| | : | Hon. Arthur I. Harris, Judge |
| | : | |
| PATRICIA GARCAR | : | |
| 1831 Wampun Drive | : | Adversary Case No. |
| Youngstown, Ohio 44511 | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT TO DETERMINE THE** |
| | : | **DISCHARGEABILITY OF CERTAIN** |
| v. | : | **DEBTS AND FOR MONEY** |
| | : | **JUDGMENT** |
| CARLOS E. RIVERA | : | |
| 924 Pasadena Avenue | : | |
| Youngstown, Ohio 44460 | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendant. | : | |

Now comes the Plaintiff Patricia Garcar, by and through counsel, and for her Complaint to Determine the Dischargeability of Certain Debts and for Money Judgment, as provided by Fed. R. Bankr. P. 4007 and 7001, states as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff Patricia Garcar ("Garcar"), a creditor of the Debtor, is a resident of Mahoning County, Ohio.

2.     Defendant Carlos E. Rivera, Jr. ("Rivera") is a resident of Mahoning County, Ohio.

3.     Rivera is a Debtor under Chapter 7, Title 11 of the United States Code, having filed a Petition for Relief in this Court on September 9, 2019.

4.     This Complaint states an objection to the discharge of a debt to Garcar under 11 U.S.C. §§ 523(a)(6). The matter constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J). This Court has jurisdiction over this proceeding under 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

## PROCEDURAL BACKGROUND

5.     Prior to Rivera's petition date was resolution of an action in the Court of Common Pleas of Mahoning County, Ohio, involving Garcar as plaintiff and Rivera as defendant, styled *Patricia Garcar v. Carlos Rivera*, Case No. 2016 CV 3180, filed on November 22, 2016 (the "state court action"). A copy of the pleadings filed in the state court action are attached hereto as Exhibit "A" and incorporated herein by reference.

6.     The state court action involved claims by Garcar against Rivera for intentional infliction of emotional distress and defamation, alleging that Rivera acted willfully, wantonly, and maliciously by publishing false statements and lewd, obscene, and scurrilous pictures of Garcar to social media. The pleadings in the state court action aver grounds that constitute exceptions to discharge in Bankruptcy under 11 U.S.C. §§ 523(a)(6).

7.     Although the parties settled the state court action, the settlement went unpaid by Rivera. As such, on June 27, 2019, Garcar successfully moved to enforce the settlement in the state court action against Rivera. A copy of the entry granting Garcar's motion to enforce settlement in the state court action is attached hereto as Exhibit "B" and incorporated herein by reference.

2

8.     Garcar sought and obtained an order and notice of garnishment of Rivera's wages from the state court on July 31, 2019. A copy of the order and notice of garnishment in the state court action is attached hereto as Exhibit "C" and incorporated herein by reference.

9.     On September 5, 2019, Rivera filed his Petition for Relief under Chapter 7, Title 11 of the United States Code in this Court. This adversarial proceeding thus is now asserted.

## GENERAL AVERMENTS

10.     On or about October of 2015, Garcar discovered that Rivera, over an extended period of time, had made false statement about her on social media and had posted pictures of her on social media that were lewd, obscene, and scurrilous.

11.     Garcar filed the state court action against Rivera for intentional infliction of emotional harm and defamation on November 22, 2016. Rivera answered and appeared through counsel. Mediation and negotiations took place and a purported settlement was reached between the parties whereby Rivera agreed to pay $10,000 to Garcar over time. A copy of the entry settling the state court action is attached hereto as Exhibit "D" and incorporated herein by reference.

12.     Rivera subsequently failed to make payments towards the settlement. On June 27, 2019, Garcar successfully moved the state court to enforce the settlement in the state court action against Rivera. A joint stipulation of facts regarding the settlement was agreed to by Garcar and Rivera and submitted to the state court. A copy of joint stipulation of facts in the state court action is attached hereto as Exhibit "D" and incorporated herein by reference.

13.     Rivera again failed to make payments towards the settlement. Consequently, Garcar sought and obtained an order and notice of garnishment of Rivera's wages from the state court on July 31, 2019. Before Garcar could collect proceeds subject to garnishment, on

September 5, 2019, Rivera filed his Petition for Relief under Chapter 7, Title 11 of the United States Code in this Court.

**COUNT I**
**NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)**

14.     Garcar incorporates and re-alleges the averments of paragraphs 1 through 13 of this Complaint as if fully restated herein.

15.     Under 11 U.S.C. § 523(a)(6), a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

16.     Rivera caused willful and malicious to Garcar by his actions constituting intentional infliction of emotional distress and defamation.

17.     The actions taken toward Garcar by Rivera were humiliating, called Garcar's character into disrepute, and would be considered by a reasonable person to be outrageous. As a result, Rivera intentionally inflicted emotional harm on Garcar.

18.     Furthermore, the items that Rivera posted on social media relating to Garcar impugned Garcar's honesty and integrity, subjecting her to ridicule and disrepute. By posting the matter to social media, Rivera published it to a large number of people. Rivera defamed Garcar and the content of the defamatory matter that Rivera published constitutes libel per se and slander per se.

19.     As a person of normal feelings and sensibilities, and as a direct and proximate result of the conduct of Rivera as described herein, Garcar was caused to suffer severe and serious mental and emotional harm and humiliation for which needed and continues to need professional treatment. Furthermore, as a direct and proximate result of the serious mental and

psychological harm and humiliation caused to Garcar by Rivera, Garcar sustained economic loss and other injuries that entitle her to recover compensatory damages.

20.     In causing severe and serious emotional and psychological harm and humiliation to Garcar, Rivera acted willfully, wantonly, maliciously, and in reckless disregard for Garcar's rights.

21.     The damages suffered by Garcar as a consequence of Rivera's misconduct are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Garcar requests from the Court the following: (1) findings that the damages caused by Rivera's misconduct as alleged herein are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(6); and (2) judgment in Garcar's favor and against Rivera in the amount of $75,000, punitive damages in the amount of $150,000, plus interest, attorney's fees, costs, and any other such legal or equitable relief to which the Court deems Garcar is entitled.


Respectfully submitted,

/s/ Jason Patrick Small
_____
JASON PATRICK SMALL, ESQ. (0080151)
839 Southwestern Run
Youngstown, Ohio 44514
Telephone:     (330) 726-7777
Facsimile:     (330) 319-6181
jpsmall@jpsattorney.com

*Counsel for Plaintiff*
 *Patricia Garcar*

## DEMAND FOR JURY TRIAL

As provided by 28 U.S.C. § 157(e) and Fed. R. Bankr. P. 9015, Plaintiff Patricia Garcar demands trial by jury in this action of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2019, the foregoing was filed electronically. Notice of the filing will be sent to the parties and counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jason Patrick Small
_____
JASON PATRICK SMALL, ESQ. (0080151)